# EXHIBIT 16

# AFFIDAVIT

State of _Okla._ )
County of _Seminole_ )

I, _George W Butner_, first being duly sworn, on my oath state the following facts:

I represented Karl Fontenot from late 1984 through 1988, for Karl's first and second trials. I did not represent Karl during his appeals. I handled all pre-trial and trial matters for both trials including the preliminary hearing. During the scope of my representation, I filed numerous pretrial motions requesting discovery and disclosures of records, physical evidence, investigation reports, witness statements, records, and other evidence pertaining to the disappearance and homicide of Donna Denice Haraway. Additionally, I made numerous motions on the record during the preliminary hearing and at various points in the trial asking for access to evidence, police reports, and other evidence within the custody of law enforcement and Pontotoc District Attorney's Office. In most cases, these requests were denied.

Tiffany Murphy, Director of the Oklahoma Innocence Project, provided me with 860 pages of Oklahoma State Bureau of Investigation reports (OSBI) of their investigation of Donna Denice Haraway's disappearance, Central Office of the Chief Medical Examiner's file, and photographs of McAnally's register tape from 4/28/1984. After reviewing these materials, I did not receive any of the OSBI Reports from the Pontotoc District Attorney's Office or from OSBI prior to either of Mr. Fontenot's trials. Additionally, I do not believe I received the whole 44 pages of ME's Office files. While I know the McAnally's register tape was admitted at trial as a state's exhibit, I received no police reports about the names, telephone numbers, and times of the men mentioned on the tape regarding any interviews related to the events of April 28, 1984.

During both trials, my main focus was proving Mr. Fontenot's innocence. Any evidence which would support proving his innocence was paramount. Evidence that the law enforcement investigation strongly considered alternate suspects for Ms. Haraway's abduction and murder would have been evidence that fit in the defense's innocence case. I was unaware of the extensive investigation done into

1

Floyd Degraw by Ada Police Detective Dennis Smith, OSBI Agents Gary Rogers and Gary Davis. I did not know he was poly-graphed by Agent Davis and that DeGraw showed indications of deception when asked about Ms. Haraway. Further, when DeGraw was interrogated by Davis and Texas law enforcement, he grew agitated when asked about Mrs. Haraway and abruptly ended the interview. Police reports related to DeGraw's investigation, his rape conviction in Texas, and the possessions of belonging from Oklahoma women would have been extremely important to Mr. Fontenot's case.

Further, I was unaware that Ms. Haraway received obscene phone calls while at work during the months and weeks leading up to her disappearance. I never saw reports from various people like Monroe Atkeson, Janet Lyons, James David Watts and others describing Ms. Haraway's great concern about a man making obscene phone calls only while she worked at McAnally's. Janet's report providing the names of all of Ms. Haraway's ex-boyfriends would have been extremely helpful to determine if they were the source of these calls or had motive to cause her harm. Also, Janet's comment that Ms. Haraway hated working at McAnally's because it did not have an alarm, her knowledge that the obscene phone calls continued to occur, and the bizarre people who came into the store at night would have been helpful to establish Karl's innocence. These OSBI reports would have been extremely helpful to further the defense investigation into alternate suspects or people around McAnally's who were watching Ms. Haraway.

I was unaware of the numerous OSBI reports supporting Mr. Fontenot's alibi of attending Gordon Calhoun's party during the time Mrs. Haraway went missing. Impeachment evidence from the OSBI reports regarding Gordon Calhoun's interview that the party could have been the weekend of April 27th or 28th was vital. This information would have helped substantiate Karl's alibi during the time Ms. Haraway disappeared. Janette Roberts' report about the party and Karl's attendance was important because I would have called her to testify during the defense case-in-chief. I was unaware that Ada Police Officer Larry Scott responded to one of the dispatch calls listed on the state's radio log exhibit. Officer Scott's police report about responding to Gordon Calhoun's party supported the alibi that the police were aware of the party. Finally, I was not provided Karl's poly-graphed statement were he admits being at the party. Such evidence would have been extremely useful to build a viable defense that Karl had nothing to do with Mrs. Haraway's disappearance and homicide.

During the preliminary hearing, Tommy Ward made a sworn statement during a closed hearing. I was present at the hearing along with Mr. Wyatt, counsel for Mr.

Ward, Pontotoc County District Attorney Bill Peterson, Assistant District Attorney Chris Ross, and law enforcement. Mr. Ward gave a detailed statement about being present at JP's convenience store and McAnally's with Marty Ashley. Mr. Ward stated that Mr. Fontenot was not present having nothing to do with the events of April 28, 1984. This statement was very helpful to Mr. Fontenot's case because it proved crucial evidence from his co-defendant that he had no involvement in Mrs. Haraway's disappearance. While I used this statement in Mr. Fontenot's joint trial with Tommy Ward, I did not introduce it into evidence during Mr. Fontenot's second trial. I had no strategic reason for not using it. It clearly fit within my trial strategy to show Mr. Fontenot had nothing to do with Mrs. Haraway's homicide.

I have read this affidavit consisting of 3 page(s) and make this statement of my own free will without promise or threat. Further affiant saith not.

_____
George Butner

Subscribed and sworn to before me this 14th day of June, 2013.

_____
Notary Public in and for
the State of Oklahoma

BEVERLY CARR
Seminole County
Notary Public in and for
State of Oklahoma
Comm. # 02008208   Exp. 5-30-2014

3