IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARL FONTENOT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-16-69-JHP-KEW |
| | ) |
| JOE ALLBAUGH, Director, | ) |
| | ) |
| Respondent. | ) |

**RESPONSE IN OPPOSITION TO PETITIONER'S
MOTION FOR EVIDENTIARY HEARING**

COMES NOW Respondent, by and through the Attorney General of the State of Oklahoma, pursuant to LCvR 7.1(f), and offers this Response in Opposition to Motion for Evidentiary Hearing, filed on August 18, 2017 (Dkt. 86). For the reasons set forth below and those within the *Brief in Support of Motion to Dismiss Habeas Corpus Petition as Procedurally Barred by the Statute of Limitations and Laches and Because it Includes Unexhausted Claims* (hereafter "Brief in Support") filed on the same day in this Court, Respondent asserts that Petitioner's motion should be denied.

**ARGUMENT AND AUTHORITY**

The Antiterrorism and Effective Death Penalty Act (hereinafter, "AEDPA") restricts the availability of evidentiary hearings when a habeas petitioner fails to develop the factual basis of the claim in state court. Pursuant to 28 U.S.C. § 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on -
>
> (I) a new rule of constitutional law, made retroactively to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Respondent respectfully submits that, contrary to Petitioner's assertions, Petitioner failed to develop the factual basis of his claims in state court, and therefore, must meet the rigorous requirements of 28 U.S.C. § 2254(e)(2). Petitioner filed a Motion for Discovery in the State trial court during post-conviction proceedings, although the record does not reflect a separate Motion for Evidentiary Hearing, like the one which Petitioner has filed in federal court. For the first time in these federal habeas proceedings, Petitioner states that discovery "still remained an open issue before the state court," *i.e.*, that the trial court's Post-Conviction Findings prematurely cut off discovery (Dkt. 66, at 4). However, the real question is whether Petitioner's own actions were responsible for cutting off discovery and deciding the case based on the pleadings, thus failing to develop the factual bases of his claims in state court. They were.

As noted in the Brief in Support, after the State filed its Response to Petitioner's Application for Post Conviction Relief in Pontotoc County District Court Case No. CRF-1984-183, on September 17, 2014, Petitioner filed a Motion for Summary Judgment and Brief in Support of Motion for Summary Judgment on October 8, 2014. *See* Brief in Support, Part II(B) & III(B). In that supporting brief, Petitioner informed the Pontotoc County District Court, in no uncertain terms:

> [Petitioner] also submits this brief establishing that he is entitled to summary judgment relief as there exists no genuine issue of material

> fact between both parties and he is entitled to judgment as a matter of law. *See* O.S.[sic] § 1083. Based upon the following arguments, it is evident from Respondent's statements both within pleadings and in the public forum, there exists no conflict regarding the claims presented in both [Petitioner's] initial and amended briefs for post-conviction relief and in the State's response. Therefore, only legal issues remain which is within the complete purview of this Court.

(Exhibit 1, Petitioner's Reply to Respondent's Response and Brief in Support of Motion for Summary Judgment, at 1).

The District Court of Pontotoc County subsequently issued its Post Conviction Findings on December 31, 2014. Answering the question, "Is an evidentiary hearing necessary," the court answered "No" and explained, parenthetically, "Petitioner having stipulated to have decision heard on briefs and motions and responses." (Exhibit 2, District Court Post Conviction Findings, at 1). The state court went on to find that Petitioner had possession of the 860 pages of OSBI documents since 1992 and access to the Medical Examiner report since 1986, and that Petitioner's claims of actual innocence, ineffective assistance of counsel, prosecutorial misconduct, and *Brady* violations could have been submitted much earlier. Thus, it found that too much time had elapsed due to Petitioner's own inaction (Exhibit 2, at 2). These factual findings by a state court are entitled to deference in habeas proceedings. 28 U.S.C. § 2254(e)(1); *see also Sharpe v. Bell*, 593 F.3d 372, 378-79 (4th Cir. 2010); *see also Miller v. Fenton*, 474 U.S. 104, 114 (1985).

When Petitioner thereafter filed his Brief in Support of Petition in Error of Application for Post-Conviction Relief (hereinafter referred to as Post-Conviction Brief of Appellant) in the Oklahoma Court of Criminal Appeals (OCCA), Petitioner scarcely acknowledged the Motion for Summary Judgment which he had urged so strenuously in the District Court of Pontotoc County. Petitioner summarized the procedural history of the post-conviction case as follows: "After

3

requesting additional time to respond the State filed its response on September 17, 2014. Without a hearing the district court issued its Post-Conviction Findings on December 31, 2014, denying relief based on the State's assertion of Laches. [Petitioner] now appeals the denial of post-conviction relief" (Exhibit 3, Post-Conviction Brief of Appellant, at 2). Petitioner only acknowledged that he filed a Motion and Brief for Summary Judgment down in footnote 2 on page 10 of his post-conviction appellate brief. Petitioner complained in that footnote that the post-conviction court did not hold an evidentiary hearing, while failing to acknowledge his assertion made to the district court that "there exists no genuine issue of material fact." (Exhibit 1, at 1). Petitioner also did not complain to the OCCA that the district court's Post Conviction Findings somehow cut discovery short.

As a review of the Post Conviction Findings reveals, Petitioner stipulated to have the trial court's decision heard on the briefs and motions and responses. What other meaning could there be from Petitioner's Motion for Summary Judgment? And the state post-conviction court agreed with Petitioner (Exhibit 2, at 1). In *Boyle v. McKune*, 544 F.3d 1132 (10th Cir. 2008), the Tenth Circuit Court of Appeals, citing *Williams v. Taylor*, 529 U.S. 420 (2000), explained:

> Section 2254(e)(2) prohibits a federal court from conducting an evidentiary hearing on a claim if the petitioner failed to develop the factual basis for it in state court. The Supreme Court has held "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432, 120 S. Ct. 1479; *see also id.* at 431, 120 S. Ct. 1479.
> Seeking an evidentiary hearing "in the manner prescribed by state law" does not mean the prisoner must actually obtain a hearing. *See, e.g., Barkell v. Crouse*, 468 F.3d 684, 695-96 (10th Cir. 2006) (holding that defendant's request for an evidentiary hearing in state court-although denied-was in a manner prescribed by state law and therefore satisfied the diligence requirement); *Cannon v. Mullin*, 383

> F.3d 1152, 1177 (10th Cir. 2004) (same). Petitioner need only show he "complied with what reasonably appeared to be the established state-law requirements . . . even if his reasonable interpretation of state law turned out to be wrong." *Barkell*, 468 F.3d at 694.

*Boyle*, 544 F.3d at 1135.

As noted above, the real question presented in this case is whether Petitioner's own actions in state court were responsible for the fact that Petitioner's post-conviction application was decided on the pleadings, and were likewise responsible for the fact that an evidentiary hearing was not held in state court. The filing of Petitioner's Motion for Summary Judgment, coming as it did in the immediate weeks after the State filed its Response to Petitioner's Application for Post Conviction Relief in Pontotoc County District Court, could have left the District Court of Pontotoc County with no other conclusion but that Petitioner believed the case should be decided on the pleadings. Thus, while it is questionable whether Petitioner ever specifically sought an evidentiary hearing in the trial court in the first place, Petitioner explicitly ensured the district court that he was not seeking such a hearing by filing a Motion for Summary Judgment claiming there was no genuine issue of material fact. This is the very type of "lack of diligence, or some greater fault" discussed by the Tenth Circuit in *Boyle*, citing *Williams*. While a habeas petitioner who seeks an evidentiary hearing in the manner prescribed by state law may receive a hearing in federal court though he failed to obtain one in state court, a habeas petitioner should not be allowed to explicitly tell the state court that there is no genuine issue of material fact and that the case should be decided on the pleadings without further factual development, and then claim that he sought an evidentiary hearing in accordance with state law.

Because a Motion for Summary Judgment means that the court accepts the facts as plead, it is difficult to even find a case on point, where a federal habeas petitioner failed to develop the factual basis for his claims on post-conviction review in precisely this way. However, the federal courts have decided some analogous cases. In *McGee v. Higgins*, 568 F.3d 832 (10th Cir. 2009), the Tenth Circuit Court of Appeals reasoned, "[T]here is no indication in the record that the trial court or the OCCA did anything to prevent Mr. McGee from developing a record on the voluntariness and presence of counsel claims." *McGee*, 568 F.3d at 843. *See also McNair v. Campbell*, 416 F.3d 1291, 1300 and n.5 (11th Cir. 2005) ("Taken cumulatively, the facts outlined above demonstrate that McNair was not diligent in establishing the factual basis of his ineffective assistance of counsel claim in state court. Because the district court ignored these crucial facts, and because of our firm conviction in this regard, we have no difficulty concluding that its findings with respect to diligence were clearly erroneous. The district court therefore erred in granting McNair a federal evidentiary hearing under 28 U.S.C. § 2254(e)(2)."); *Moore-El v. Luebbers*, 446 F.3d 890, 900-901 (8th Cir. 2006) ("He argues that the district court should have permitted discovery or held an evidentiary hearing to develop this evidence . . . . Even assuming that further discovery would have corroborated the information presented by Moore-El's investigator, a habeas petitioner who has failed to develop the factual basis of a claim in state court proceedings is entitled to an evidentiary hearing under only very limited circumstances."); *Koste v. Dormire*, 345 F.3d 974, 985-986 (8th Cir. 2003) (where Koste made no effort in his motion for post-conviction relief to develop the record or assert any facts to support the claim that counsel should have known and investigated his alleged multiple personality disorder, under those circumstances, it was not unreasonable for the state trial court to deny him an evidentiary hearing. "Any inadequacy in the state court record was largely attributable to Koste

himself. Consequently, because there has been no suggestion that the requirements in § 2254(e)(2)(A), (B) have been met, we hold that the district court did not err in denying Koste an evidentiary hearing in federal court."); *Sheppard v. Bagley*, 657 F.3d 338, 344 (6th Cir. 2011) (considering a situation where all of the witnesses which the petitioner presented in the federal evidentiary hearing were available to the petitioner when his case was still pending in the state trial court, the Sixth Circuit reasoned, "'[F]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.' That is precisely the situation we have here. The testimony in Sheppard's federal evidentiary hearing was taken in violation of § 2254(e)(2). We therefore will not consider it." (quoting *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011)); *Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000) ("Dowthitt argues that he exercised due diligence because he requested evidentiary hearings in state habeas proceedings, and those requests were denied. Thus, he asserts that his failure to develop his habeas claims are excused under § 2254(e)(2). We do not agree. Mere requests for evidentiary hearings will not suffice; the petitioner must be diligent in pursuing the factual development of his claim . . . . Given that the family members were willing to testify at a hearing, Dowthitt could have easily obtained their affidavits. A reasonable person in Dowthitt's place would have at least done as much.").

As the foregoing case law from multiple jurisdictions reveals, a federal habeas petitioner who exhibits a lack of diligence, or some greater fault, in state court cannot receive a federal evidentiary hearing without satisfying the strict, and conjunctive, requirements of 28 U.S.C. § 2254(e)(2). Petitioner did not satisfy the requirement of diligence when Petitioner argued that the state court should decide the post-conviction application on the pleadings because there was no genuine issue

7

of material fact. Petitioner could have had no other purpose in filing a Motion for Summary Judgment but to circumvent any fact-finding process in the state post-conviction proceedings. However, as the United States Supreme Court emphasized in *Harrington v. Richter*, 562 U.S. 86, 103 (2011), "[u]nder the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." *Id.* (citing 28 U.S.C. § 2254(b)). The *Richter* Court went on to reason that the deference provision of 28 U.S.C. § 2254(d), "complements the exhaustion requirement and the doctrine of procedural bar to ensure that **state proceedings are the central process**, not just a preliminary step for a later federal habeas corpus proceeding." *Id.* (emphasis added). By filing a Motion for Summary Judgment, Petitioner treated the state court proceeding like a "preliminary step" rather than "the central process . . . ." *Id.*

Therefore, because Petitioner lacked diligence in state court, and Petitioner cannot satisfy the requirements of Section 2254(e)(2) (and has not attempted to satisfy those requirements), it would be error to hold an evidentiary hearing in federal court on these claims. As the state trial court noted in its Post-Conviction Findings, Petitioner had possession of the 860 pages of OSBI documents since 1992 and access to the Medical Examiner report since 1986, and Petitioner's claims of actual innocence, ineffective assistance of counsel, prosecutorial misconduct, and *Brady* violations all could have been submitted much earlier. Thus, the trial court found that too much time had elapsed due to Petitioner's own inaction (Exhibit 2, at 2). Therefore, Petitioner has failed to show the existence of "a factual predicate that could not have been previously discovered through the exercise of due diligence" and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

A further reason to deny an evidentiary hearing in this case is that it would further exacerbate the exhaustion problem already present in this case. As discussed in Respondent's Brief in Support, there is a major exhaustion problem in this federal habeas proceeding due to the extensive discovery which was previously granted in this case. *See* Brief in Support, at Part III(B). Prior to filing his Amended Petition, Petitioner was granted leave to conduct discovery. After an extensive discovery period, which was extended by this Court, Petitioner deposed four individuals with respect to his actual innocence and *Brady* claims, and now Petitioner attempts to use this evidence to overcome the time bar and the State's procedural bar. Instead of following the ordinary procedure when a state inmate files a federal habeas petition of entering an order for response by Respondent, the following procedure happened. On June 27, 2016, a Status and Scheduling Conference was held, at which counsel for Petitioner, Tiffany R. Murphy, and counsel for Respondent were both present (Dkt. 23). Petitioner's counsel was to notify Respondent's counsel in writing of any items desired in discovery; any objections Respondent's counsel had to discovery were to be taken up with the magistrate. Remarkably, this Court directed Respondent not to file any response to the petition pending a discovery period and the possible filing of an amended petition (Dkt. 23). Petitioner has also previously represented to this Court and Respondent: "Respondent asserts that under 28 U.S.C. § 2254 Petitioner is not entitled to discovery unless a showing of good cause. However, this Court, explained that discovery in this case would not be governed by . . . Rule 6 of the Rules Governing 2254 Proceedings." (Dkt. 66, at 3). Respondent still has been provided no details regarding when this Court allegedly explained this, if it happened at all, or upon what authority Petitioner has been permitted to proceed in this manner. Nevertheless, as Respondent has pointed out in his Brief in Support, the failure to follow regular habeas corpus procedure in this case has created serious

9

problems in terms of exhaustion for Petitioner and now a quandary for this Court because Petitioner now has an evidentiary record partially, though improperly, made in a federal forum.

Petitioner no doubt seeks to rely on additional evidence obtained in discovery through the deposition of the four witnesses, and he even makes the instant request for an evidentiary hearing at which he hopes further evidence can be adduced that was never before presented in state court. However, Petitioner's default in state court-his assertion that there was no genuine issue of material fact and that the district court should go ahead and rule on his post-conviction application based on the briefs and responses-is a serious problem for Petitioner. It is a problem because under the AEDPA, state proceedings are "the central process, not just a preliminary step for a later federal habeas corpus proceeding." *Richter*, 562 U.S. at 183. Respondent continues to object to the initial granting of discovery in this federal habeas case and the apparent suspension of Rule 6 of the Rules Governing Section 2254 Proceedings, as well as any "new" evidence discovered as a result of that discovery. As the Tenth Circuit Court of Appeals reasoned in *Moore v. Schoeman*, 288 F.3d 1231 (10th Cir. 2002):

> The plain language of § 2254(b)(2), as well as its legislative history and prior case law, point to a conclusion that a district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits.

*Moore*, 288 F.3d at 1235.

While the initial granting of discovery in this case is a bell which cannot be unrung, granting an evidentiary hearing to allow even more evidence and testimony never before presented in state court would further exacerbate the existing exhaustion problem. It would generate further

unexhausted evidence, which Petitioner failed to develop in state court and which would not be proper to consider in ruling on Petitioner's Amended Petition for Writ of Habeas Corpus. *See Sheppard*, 657 F.3d at 344 ("'[F]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.' That is precisely the situation we have here. The testimony in Sheppard's federal evidentiary hearing was taken in violation of § 2254(e)(2). We therefore will not consider it." (quoting *Pinholster*, 563 U.S. at 186)).

An instructive case is *Beverly Michelle Moore v. Warden Millicent Newton-Embry*, Western District Court Case No. CIV-09-985-C. In that case, the Western District Court held an evidentiary hearing, and both the Magistrate Judge and the District Court concluded that Petitioner had met the "actual innocence" gateway to overcome the time bar of the AEDPA. *Moore v. Embry*, No. CIV-09-985-C, 2011 WL 5143080 (W.D. Okla. Sept. 7, 2011) (Bacharach, M.J.), *order adopting report and recommendation*, 2011 WL 5156836 (W.D. Okla. Oct. 28, 2011) (Exhibit 4). Subsequently, the State filed a Motion to Dismiss for Failure to Exhaust State Remedies. Although the Magistrate Judge recommended the State's objection be overruled, the Western District Court declined to adopt the Magistrate Judge's recommendation that exhaustion would be futile with respect to evidence which had been adduced in a federal evidentiary hearing in light of Oklahoma's prohibition of filing second and subsequent post-conviction proceedings in non-capital cases. The Western District Court reasoned:

> Setting aside, for now, the correctness of Judge Bacharach's findings, the Court instead focuses on the substantial newfound evidence developed in federal court regarding the Petitioner's actual innocence, the state attorneys' persistence that this matter be presented in state court before continuing with federal habeas proceedings, and the

> importance of comity and federalism. Considering these factors, the Court concludes that the state courts should be given an opportunity to address this matter in the first instance. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987) ("If . . . the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis.").

*Moore v. Embry*, No. CIV-09-985-C, at 2-3 (W.D. Okla. April 6, 2012) (Order) (Cauthron, D.J.)[1] (unpublished).

Just as in *Moore*, Respondent insists that any "newfound evidence developed in federal court" must be presented in state court before continuing with federal habeas corpus proceedings. If there is an unresolved question of fact based on Petitioner's assertion that the state courts ruled before discovery in State court was complete (in spite of his insistence that there was no genuine issue of material fact) or if there is an unresolved question of law (whether a *Brady* claim is sufficient to overcome the State's procedural bar of laches), both comity and judicial efficiency make it appropriate to insist on complete exhaustion in state court. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). Therefore, any new evidence obtained through the discovery process in this Court must first be presented to the state court before proceeding any further. To proceed with an evidentiary hearing in federal court at this time would only compound the exhaustion problem which already exists.

---

[1] Unpublished decision cited for persuasive value only pursuant to Fed. R. App. P. 32.1 and Tenth Circuit Court of Appeals Rule 32.1.

Respectfully submitted,

**MIKE HUNTER**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ MATTHEW D. HAIRE**
**MATTHEW D. HAIRE, OBA #14916**
**ASSISTANT ATTORNEY GENERAL**

313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 Fax
Service email:  fhc.docket@oag.ok.gov

**s/ THEODORE M. PEEPER**
**THEODORE M. PEEPER, O.B.A. #19909**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (Fax)

**Service email: fhc.docket@oag.state.ok.us**
**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of December, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert Ridenour, OBA # 16038
Assistant Federal Defender
One West Third Street, Ste. 1225
Tulsa, OK 74103

Tiffany R. Murphy, Arkansas Bar # 2015057
790 N. Cliffside Drive
Fayetteville, AR 72701

                                  **s/ MATTHEW D. HAIRE**
                                  **s/ THEODORE M. PEEPER**