IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KARL FONTENOT, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | 6:16-cv-00069-JHP-KEW |
| | : | |
| JOE ALLBAUGH, WARDEN, | : | |
| | : | |
| Respondent. | : | |

**REPLY TO RESPONSE TO PETITIONER'S MOTION FOR SANCTIONS, LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR A HEARING**

Comes now, Mr. Fontenot, by and through undersigned counsel, replies to the Respondent's Reply to his Motion.

FACTS

Respondent's Response acknowledges that the City of Ada received the subpoena in the Spring of 2017, that Respondent knew of the materials on January 4, 2019, and Respondent was in actual possession of the materials by January 7, 2019. Respondent notes that City Attorney Mr. Stout had been in possession of the materials for longer than a week prior to that January 2019 date. Additionally, Respondent admits never contacting Petitioner regarding the materials before Petitioner's Counsel inquired on January 31, 2019. Petitioner asked for the materials, if they existed, on January 31, 2019. It is clear that Respondent not only knew of the materials' existence on that date, but was in actual possession of the materials. Respondent avers that on February 1, 2019, after receiving Mr. Stout's letter of March 2017 to Petitioner, stating that the Ada Police Department denied being in possession denying being in possession, he called Stout. It was not until a week later, Respondent admits, that Petitioner got the materials. After

1

receiving the materials on February 6, 2019, Petitioner filed his Motion for Sanctions, leave to amend petition for writ of habeas corpus and Request for a Hearing the next day.

ARGUMENT

As this Court considered what may have been a final, dispositive order in this case, Respondent failed in his continuing obligation to disclose exculpatory materials to the tribunal and Petitioner.  Rather than acknowledging his fault for not disclosing records he possessed, he blames others.  Respondent claims that it's the City's Attorney's fault, blames sealed subpoenas, and bemoans the sheer amount of discovery in Petitioner's case as justification for not forwarded emails.[1]   But in truth, no litigant – really no Oklahoman with a passing knowledge of "The Innocent Man" – could possess these materials and fail to recognize the withheld materials as anything other than exculpatory.   Respondent is the State of Oklahoma; he has a plethora of resources while Petitioner handles this case largely on a pro bono basis.  This case has been pending for years while exculpatory materials continue to be withheld from Mr. Fontenot who sits in prison.  The excuses offered by Respondent are meritless.

Petitioner argued for sanctions against Respondent, the Ada Police Department, and the City Attorney for Ada as part of a continuing pattern of unethical behavior and disregard for the rule of law.  Sanctions are warranted when a party's actions are so egregious that it unfairly affects the ability of opposing counsel and the Court to properly litigate and assess the merits of a case. As Respondent cites *Ehrenhaus vs. Reynolds*, the factors warranting the requested relief fit this matrix.  965 F.2d 916 (10th Cir. 1992). "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual

---

[1] "Respondent has also been unusually thwarted at times in this case by a mass of sealed documents."  Pg. 5, fn 5. What has thwarted the process is the continuing suppression of discovery materials by Ada, the Pontotoc County law enforcement, and the OSBI.  Now Petitioner must conclude it is abetted by Respondent.

2

prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance. *Id.* at 921 (citations omitted). Petitioner's requests for sanctions against Respondent and the various state agencies involved is evident based on the following.

First, the prejudice to Mr. Fontenot is tremendous. He has argued his innocence since he sat in the Pontotoc County Jail in 1984 explaining to George Butner, his defense attorney that he was innocent. *See* Dkt. 114 Ex. 12. His innocence has continued to be pled through state post-conviction through the current proceedings thirty-five years later. Further, it hamstrings his counsel's ability to properly litigate the constitutional claims and answer Respondent's affirmative defenses in a concise manner. That Petitioner must now re-investigate the evidence found in these 300 pages of Ada Police Reports four years after state post-conviction proceedings, delays the current proceeding for months or years. It is anticipated that Respondent will assert more procedural problems arising from the late discovery of Ada police reports.[2] It is in Respondent's interests to delay these matters for as long as it takes because they suffer no harm. Only Mr. Fontenot bears the tremendous weight of having his actual innocence litigation delayed based on no fault of his own.

Second, is the issue that a federal subpoena was disobeyed or disregarded. That is an interference with the judicial process that is beyond the pale. The willful or deficient non-compliance with a subpoena in a case marred by discovery violations goes to the core of the constitutional rights to process and confrontation. No litigant can be assured a fair day in court

---

[2] Respondent makes no claims of their willingness to waive exhaustion or other potential procedural hurdles that incur to Petitioner for the recent discovery of the Ada Police Reports. *See generally Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) (stating that a claim keeps its exhausted status so long as the newly developed facts do not fundamentally alter the claim reviewed by the state courts).

3

when the other side can continually hide evidence and deny its existence. *See Banks v. Dretke,* 540 U.S. 668, 695 (2004).  The judicial process must be obeyed for the public to have confidence in its outcomes.  That is unacceptable and must be squelched.

What these police reports highlight is at the core problem with this case:  These actors – district attorney and law enforcement – have blatantly flaunted our constitutional principles for decades.  This Court should grant a hearing to ascertain why police records said to not exist suddenly were located.  Because this pattern of Petitioner asking – delay—get a few records here --- delay –get a few records there wastes considerable time for a man continuing to argue his innocence. For this reason, Petitioner requested a protective order to ensure that this pattern stops and potential record holders understand that when a court orders disclosure, they must comply. It is also for this reason was a hearing requested so that the City Attorney of Ada and the Chief of Police for Ada Police Department can answer this Court on when these records were discovered and why were they located now.

Third, the culpability of litigant is evident based upon their own actions and those of the agencies he is responsible for.  They have unclean hands for failing to promptly alert Petitioner of the existence of the Ada Police Reports when it has been made abundantly clear to opposing counsel that those records have never been seen. The various conversations between counsel over state and federal proceedings undercut the argument that there is no harm done by failing to forward records sitting in their possession.  And now that Petitioner has the records, Respondent cavalierly offers his concession to allow Petitioner to amend his Petition and start afresh.  He posits that perhaps trial counsel had already received the materials because "there is no proof at all that what Entity A has in its possession was not available to trial counsel many years ago." (pg. 10).  Counsel offers an argument unmoored from evidence and experience.  Respondent's

4

counsel sat in depositions when the Pontotoc County District Attorney testified under oath that he had only received the prosecutorial. *See* Dkt No. 77, Exhibit 78 pg. 15. Respondent knows well enough these records were not in the prosecutorial. *See* Dkt. No. 77 at p. 50. Surely Respondent has reviewed the records and seen these things, along with the Petitioner's *privileged communications* to his lawyer hidden in law enforcement's files.

The third *Ehrenhaus* factor of culpability of the litigant – both Respondent and the parties responsible for compliance – is patent. One willfully or with dereliction did not comply with the Court's subpoena. The other – Respondent – stood idly by until roused by Petitioner. Respondent can choose his poison. Either co-counsel and him were not competent and let the materials lie, or they deliberately stonewalled regardless of their obligations. Furthermore, as to the fourth *Ehrenhaus* factors, the subpoena served on the Ada Police Department informed it of the civil penalties for noncompliance, including contempt.

Sanctions are warranted under the law Respondent cites and it includes dismissal. The actual prejudice against the Petitioner is immeasurable. Petitioner has been incarcerated for 35 years while these records were hidden. Respondent will ask the Court to discount the value of the materials, or to chalk it up to chance as to whether these records would have helped Petitioner. At innumerable points during the preceding litigation and here, these facts should have been brought to Petitioner's defense counsel – either at trial, appeal, state post-conviction or here. But they were hidden by the very parties seeking to keep the Petitioner in prison and to hide their misdeeds. That is not just actual prejudice; it is salt in the wound.

The reason why no other lesser sanctions than those proposed by barring of Respondent's defenses and releasing Petitioner to bail is this: Respondent has been building its defense on the bones of this decades-long wrongdoing. Laches and inexhaustion of state remedies all presume

5

that the players have not been cheated or cheating.  No one can be assured that will end with this latest discovery.  Exculpatory materials have been hidden for decades.  Witness statements, proof of an alibi, physical evidence and impeachment evidence has dribbled out, with no confidence it is at an end.  This set of facts shocks the conscience.  No lesser remedy will do.

WHEREFORE, Petitioner requests that this Court grant a hearing into the discovery of these records and why they were withheld in violation of this Court's subpoena.  Additionally, Petitioner requests a bail determination, and any other appropriate matters that this Court finds appropriate to these circumstances.

   */S/ Tiffany R. Murphy*
Attorney at Law
Arkansas Bar No. 2015057
790 N. Cliffside Drive
Fayetteville, AR 72701
(479) 575-5036
/S/ *Robert Ridenour*
Robert Ridenour
Assistant Federal Defender
OBA #16038
One West Third Street, Ste. 1225
Tulsa, OK  74103
(918) 581-7656

6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Oklahoma by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


By: /S/ Robert Ridenour
ROBERT RIDENOUR