IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARL FONTENOT,<br><br>      Petitioner,<br><br>v.<br><br>JOE ALLBAUGH, WARDEN,<br><br>      Respondent. | CIVIL ACTION<br>6:16-cv-00069-JHP-SPS |

**NOTICE TO COURT CONCERNING DKT. No. 123**

      This Notice to Court is intended to specify revisions to Mr. Fontenot's Second Petition for Writ of Habeas Corpus as directed in the Court's Order. Dkt. No. 118. The new constitutional claim and additions to pre-existing claims focus around the newly found Ada police reports disclosed to counsel in February 2019. This memorandum will summarize where the new information is contained in the new petition. The interrelated nature of the claims requires cross references to the Ada police reports too detailed to be summarized her. Likewise, the Second Amended Petition contains more in depth argument and factual development than this summary.

      <u>Claim I, Subsection C</u>: The Only Eyewitness Who Identified Mr. Fontenot at McAnnally's Could not Identify Mr. Fontenot to Police (Pgs. 31-34)

      Ada police reports detail interviews with James Moyer a few days after Mrs. Haraway's disappearance and another report several months later. Among other details, these undisclosed reports show that police showed lineup photographs to Mr. Moyer in November, after Mr. Fontenot's arrest, and Mr. Moyer did not identify Mr. Fontenot as being present at McAnally's.

1

As the only witness who originally identified Karl Fontenot as being in the store, these statements undermine his identification.

  Claim II, Subsection C:  Material Evidence Was Withheld from Mr. Fontenot's Defense Counsel (Pgs. 63, 68-71)

  Initial sections discuss how the Ada Police Reports became known to Mr. Fontenot's current counsel.  Several never before disclosed Ada police reports contain interviews with numerous people who were in McAnally's on the night of Mrs. Haraway's disappearance.  These people give various accounts of the men and trucks/cars seen at the store that night.  Pgs. 68-71.  One witness, James Boardman, known to police but undisclosed to Mr. Fontenot, did not identify Mr. Fontenot as being any of the men he'd seen acting suspiciously at McAnnally's.  This photo spread was conducted after Mr. Fontenot was arrested in October 1984.  Other notes of McAnally's customers confirm statements given by witnesses who were interviewed during state post-conviction proceedings and contain evidence supportive of Mr. Fontenot's claims.   These reports include details about men seen in the store.  These reports were not disclosed pretrial in either 1985 or 1988.  They contain information extremely helpful to defense theories about Mr. Fontenot's confession being false and alibi defense.

  Claim III:   Mr. Fontenot's Sixth and Fourteenth Amendment Fundamental Right to Counsel Was Violated by The Ada Police Department's Interference With Attorney-Client Privilege (Pgs. 103-108)

  This is a new claim for this petition.  It focuses on original letters from Mr. Fontenot to his defense counsel George Butner hidden in the just-disclosed Ada police reports. The claim discusses the violation of attorney-client privilege by the Ada Police who appear to have intercepted these letters and used them to identify and interview most of the witnesses mentioned

by Mr. Fontenot's letters.   Neither Mr. Butner nor direct appeal counsel Terry Hull knew about these letters.

    */S/  Tiffany R. Murphy*
Attorney at Law
Arkansas Bar No. 2015057
 790 N. Cliffside Drive
 Fayetteville, AR 72701
 (479) 575-5036
 /S/ *Robert Ridenour*
Robert Ridenour
Assistant Federal Defender
OBA #16038
One West Third Street, Ste. 1225
Tulsa, OK  74103
(918) 581-7656

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 18, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Oklahoma by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


     By: /S/ Robert Ridenour
     ROBERT RIDENOUR