IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARL FONTENOT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-16-69-JHP-SPS |
| ) | |
| JOE ALLBAUGH, Director, ) | |
| ) | |
| Respondent. ) | |

## AGREED MOTION FOR STATUS CONFERENCE FOR APRIL 9, 2019, HEARING

Comes now, the Respondent, pursuant to FRCP 16(c)(2), and moves for a pretrial status conference for the April 9, 2019, hearing on Petitioner's *Motion for Sanctions, Leave to Amend Petition for Writ of Habeas Corpus and Request for a Hearing*. To date, no such conference has been held and Respondent believes one is necessary for the reasons stated herein. Respondent provides the following:

1. On February 7, 2019, Petitioner filed a *Motion for Sanctions, Leave to Amend Petition for Writ of Habeas Corpus and Request for a Hearing* (Doc. 114). Respondent filed an expedited response as ordered by the Court on February 11, 2019, and Petitioner filed an expedited Reply on February 12, 2019 (Doc. 115-17).

2. On February 26, 2019, the matter was assigned to this Court for resolution (Doc. 120).

3. This Court has set a hearing date for April 9, 2019, on Petitioner's *Motion for Sanctions, Leave to Amend Petition for Writ of Habeas Corpus and Request for a Hearing* (Doc. 122).

4. On March 14, 2019, Respondent's Counsel Matthew D. Haire was personally served with a subpoena to testify at the April 9, 2019, hearing.[1]

---

[1] At this writing, there has been no ruling on Respondent's *Motion to Quash Subpoena Served*

(continued...)

5.  On March 14, 2019, Petitioner's counsel also provided Respondent's counsel copies of four (4) other subpoenas, presumably now served, for the April 9, 2019, hearing.

6.  On March 22, 2019, Respondent's counsel spoke to Petitioner's counsel, Tiffany R. Murphy, who does not object to the status conference being granted so long as it can be done telephonically.

## DISCUSSION

Pursuant to FRCP 16(c)(2), such a conference would allow the court to consider and take appropriate action on the following matters, among other things: "(A) formulating and simplifying the issues . . . (C) obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence[.] . . . (D) avoiding unnecessary proof and cumulative evidence . . . [and] (G) identifying witnesses and documents . . . ." Because a predetermination regarding such evidentiary matters is clearly helpful to any court, federal courts generally possess broad discretion over scheduling such conferences to assist in managing their dockets. *Bank of America, N.A. v. Lebreton*, No. CIV-0319JB/KBM, 2015 WL

---

[1](...continued)
*Upon Opposing Counsel* (Doc. 125). As a consequence of opposing counsel Matthew D. Haire being served a subpoena by Petitioner to testify and provide materials at the April 9, 2019, hearing on Petitioner's *Motion for Sanctions, Leave to Amend Petition for Writ of Habeas Corpus and Request for a Hearing*, Respondent's Counsel have ceased speaking to Mike Baskin, Gary Rogers, Chief Mike Miller, and Frank Stout as to any information covered by Counsel Haire's broad subpoena or theirs. Some of those people (Mike Baskin on March 28, 2019, and Gary Rogers on March 29, 2019) have also been subpoenaed for the upcoming depositions in *Ward v. State*, CRF-1984-183, and their testimony in both proceedings overlap. The *Ward* depositions are forced to proceed in a modified format as a result. Therefore, if a status conference were to be held in this case, Respondent's counsel would not be available on those two (2) dates. Respondent's counsel respectfully ask that a telephonic status conference be held on another date besides March 28-29, 2019.

2226266, *1 (D. N.M. Apr., 20, 2015) (unpublished)[2] (while exercising broad discretion to manage docket status conferences were found to be "helpful" at achieving an "efficient, fair case resolution"). Here, it would be extremely helpful for the Court to exercise its discretion and utilize FRCP 16(c)(2) to have a status conference in this case.

First, Respondent asks this Court to formulate and simplify the issues. The language of the issued subpoenas already appears broader than necessary for this Court to find facts and come to a conclusion on Petitioner's Motion for Sanctions (Exhibits 1-2; *see also* Doc. 125-3). For instance, a subpoena was issued for Gary Rogers, a former Oklahoma State Bureau of Investigation Agent (now retired) to provide testimony and documentation as follows:

> Any and all documents, reports, evidence, communications, photographs or items you possess related to the Ada Police Department and law enforcement's investigation into the death of Donna Haraway and the prosecution of Karl Fontenot or Tommy Ward for her murder[.]

(Exhibit 1). And very much like former Agent Rogers, Petitioner requests of Chief Mike Miller:

> The entirety of any file related to the disappearance and investigation into the murder of Donna Haraway and the arrest and prosecution of Karl Fontenot and Thomas Ward. This includes, but is not limited to, any and all documents, reports, notebooks, videotapes, diagrams, handwritten notes, lab reports, physical evidence, witness statements or any content from April 1, 1984, to present.

(Exhibit 2, p. 2). This language appears to exceed this Court's limited door-way much further than the District Court has opened it to decide this particular Motion. A status conference is necessary to ensure the hearing is limited to the relevant issues. FRCP 16(c)(2)(A) and (G).

---

[2] Unpublished decision cited for persuasive value only pursuant to Fed. R. App. P. 32.1 and Tenth Circuit Court of Appeals Rule 32.1.

Second, a status conference would promote and encourage the parties to agree on undisputed facts. This will eliminate the presentation of needless proof by witnesses or documentation at the hearing. FRCP 16(c)(2)(C). A status conference is necessary to obtain any stipulations and for this Court to make any other rulings on the admissibility of other evidence. FRCP 16(c)(2)(D).

Finally, the identification of witnesses and exhibits is needed to assist in determining the time necessary to complete this hearing.

Accordingly, Respondent respectfully requests that this Court exercise its discretion and order a Status Conference in this case.

Respectfully submitted,

**MIKE HUNTER**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ MATTHEW D. HAIRE**
**MATTHEW D. HAIRE, OBA #14916**
**ASSISTANT ATTORNEY GENERAL**

313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 Fax
Service email: fhc.docket@oag.ok.gov

**s/ THEODORE M. PEEPER**
**THEODORE M. PEEPER, O.B.A. #19909**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (Fax)
Service email: fhc.docket@oag.state.ok.us

**ATTORNEYS FOR RESPONDENT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of March, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert Ridenour, OBA # 16038
Assistant Federal Defender
One West Third Street, Ste. 1225
Tulsa, OK 74103

Tiffany R. Murphy, Arkansas Bar # 2015057
790 N. Cliffside Drive
Fayetteville, AR 72701

                                            **s/ MATTHEW D. HAIRE**
                                            **s/ THEODORE M. PEEPER**