IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

_____

KARL FONTENOT,

    Petitioner,

v.

JOE ALLBAUGH, WARDEN,

    Respondent.

_____

CIVIL ACTION
6:16-cv-00069-JHP-KEW

**RESPONSE TO RESPONDENT'S MOTION TO QUASH SUBPOENA**
**(Dkt. 125)**

The Court has set a hearing on Mr. Fontenot's Motion for Sanctions, Leave to Amend Petition, and Request for Hearing for April 9, 2019. Dkt. # 114. Mr. Fontenot's has served subpoenas on certain parties to this litigation in order to ensure the Court has sufficient evidence to rule on Mr. Fontenot's Motion for Sanctions. As a result, a subpoena was served on Matthew Haire, Assistant Attorney General and counsel for Respondent. Respondent filed a Motion to Quash the subpoena, stating, inter alia, that Mr. Fontenot has no compelling need for Mr. Haire's testimony unless he is a necessary witness for the defense along with an assertion of attorney-client privilege. In response, Mr. Fontenot states the following:

1. As noted in the Motion for Sanctions, Mr. Fontenot was told by the City of Ada and the Ada Police Department in response to a 2017 subpoena that the police department had no records pertaining to the investigation into the disappearance of Donna Haraway or the investigation of Mr. Fontenot.

1

2. Mr. Haire says he was contacted January 4, 2019, by Frank Stout, the Ada City Attorney, who told him about the previously undisclosed Ada Police Department records. Dkt. # 116, Pg. 3, ¶ 8. Stout sent those documents to Mr. Haire and co-counsel Mr. Ted Peeper on January 7, 2019. See Exhibit One, Email.

3. Meanwhile, filing had been completed on the issue of the Respondent's Motion to Dismiss and his reply to Mr. Fontenot's Amended Petition and was under consideration by the Court. The parties had submitted proposed orders in December 2018.

4. On January 24, 2019, the District Court had ordered that the parties submit transcripts and "other pertinent state files part of the record within 10 days. Dkt. # 112. On January 30, 2019, Respondent filed copies of state court transcripts. The recently discovered Ada Police Department records were not included in the Respondent's filing.

5. On January 31, 2019, Mr. Fontenot's counsel, contacted Mr. Haire via email asking if there were Ada police reports in light of the City of Ada's response to the 2017 subpoena. Exhibit Two, Email. Mr. Haire explained that the City of Ada attorney was out of town and would contact him during the upcoming week. Undersigned counsel called Mr. Haire after not hearing from him regarding the City of Ada's attorney's response. Rather than immediately turning over the reports that were in his possession, he failed to acknowledge the existence of the records and stated he would call the City of Ada attorney again. Undersigned counsel then received a call from the City of Ada attorney that the records did exist and confirmed he sent them to Mr. Haire at the beginning of the new year.

6. Mr. Haire was aware of the federal subpoena to the Ada Police Department. In his Reply to Petitioner's Response to Respondent's Objection to issued Deposition Subpoenas and

Discovery filed June 8, 2017 (Dkt. #71), Mr. Haire had told the Court that he had been provided copies of the subpoenas by Mr. Fontenot's counsel. *Id.*, Pg. 5, fn. 4.

### THE ACTIONS OF THE CITY OF ADA ATTORNEY AND ADA POLICE DEPARTMENT HAVE MADE COUNSEL FOR RESPONDENT A FACT WITNESS.

Respondent claims that Mr. Fontenot has no compelling need for his testimony, that his testimony is not vital because other entities can provide the same testimony, and the subpoena will expose his work product Mr. Fontenot. Respondent admits that the work product exemption is not absolute. Dkt. 125 Pg. 7 (quotations omitted). Irrespective of the work product exemption, due process requires the State to disclose exculpatory and impeachment evidence favorable to an accused and that duty is ongoing. *Brady vs. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 153-56 (1972); *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *Douglas v. Workman*, 560 F.3d 1156, 1173 (10th Cir. 2004) citing *Smith v. Roberts*, 115 F.3d 818, 820 (10th Cir. 1997). That is precisely what Mr. Fontenot seeks here. It is well settled that the district court may decline to allow the defendant to call the prosecutor as a witness "if it does not appear the prosecutor possesses information vital to the defense." *United States v. Troutman*, 814 F.2d 1428, 1439 (10th Cir. 1987).

The Respondent has repeatedly asserted laches, statute of limitation and failure of Mr. Fontenot to exhaust his state claims as defenses in this litigation. Dkt. # 95, Dkt. #98, Dkt. # 99, Dkt. # 109. Now, proof exists that the Respondent's counsel himself sat on exculpatory evidence. Laches is an equitable defense, and under Oklahoma civil procedure, a party who claims an equity defense must come before the court with clean hands. *See Story vs. Hefner*, 540 P.2d 562 (1975). The doctrine "expresses the principle that a party who comes into equity for relief must show that his conduct has been fair, equitable, and honest … equity does not reward

one who has engaged in fraud or deceit in the business under consideration, but reserves its rewards for those who have come into court with clean hands." *Yeager v. Fort Knox Sec. Prods.*, 602 Fed. Appx. 423 (10th Cir. February 10, 2015).

Mr. Fontenot is entitled to know from Mr. Haire (1) when he first heard of the documents; (2) why he did not divulge them immediately upon receipt; (3) why he waited until the end of March to investigate where the reports were found; and (4) what he knew about the circumstances surrounding the discovery of the reports.

The cases Respondent points to try to claim Mr. Fontenot has no compelling need for his testimony are not dispositive of this case. All the cases reaffirm a defendant's Sixth Amendment right to present witnesses in his or her own defense during a trial. Counsel cites *United States vs. Wooten*, a Tenth Circuit case in which the court upheld a district court's decision to deny a defendant's attempt to call the prosecutor as a witness. 377 F.3d 1134, 1142-1143 (10th Cir. 2004). The prosecutor had passed on charging the defendant who later was charged in a separate crime and the same prosecutor then wanted to use the event as other crimes evidence. The defendant sought the prosecutor's testimony regarding the lack of evidence on the first event, since the prosecutor elected not to prosecute that case. The district court denied the defendant's request to call the prosecutor as a witness. The Tenth Circuit noted that the prosecutor lacked any personal knowledge regarding the incident and thus presumably could only have testified about his decision not to prosecute the case. *Id*. At 1142-1143. The Court held that the prosecutor did not possess information vital to the defense, particularly when a memorandum was an adequate substitute for his testimony regarding his decision not to prosecute the defendant for the prior incident. *Id*.

Here, Respondent's counsel is a key link in an evidentiary chain leading to exculpatory reports that apparently have been suppressed for decades, despite repeated attempts by Mr. Fontenot to discover them.  First, Mr. Haire can establish that the records have never been divulged by Ada Police Department.  He can likewise testify as to his attempts to locate the records during state post-conviction proceedings, including traveling to Ada and finding nothing. No other witness is capable of giving that testimony.  Second, he can testify as to his first notice of the discovery of the records.  Mr. Fontenot is entitled to memorialize via testimony Mr. Haire's receipt of the discovery and his apparent suppression of the evidence during crucial proceedings in this litigation.  No one else can do this.  While counsel has attempted to recreate the events in filings, Mr. Fontenot has a right to confront the witness in a manner to ensure a full and fair record

Respondent asks the Court to consider a three part test from the Eighth Circuit as to whether a court should allow the *deposition* of opposing counsel.  *Shelton vs. American Motors Corp*., 805 F.2d 1323 (8th Cir. 1986).  That test requires deposing counsel to prove that; (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

First, Mr. Haire has unique and firsthand knowledge. He went to Ada during state conviction proceedings years ago to locate any Ada Police Department records along with other law enforcement records. Additional Oklahoma State Bureau of Investigation records were disclosed but reported he and another assistant attorney general were unsuccessful in finding the Ada Police Reports.  Mr. Haire can explain his efforts during state post-conviction to locate various law enforcement records.  The actions of the Ada Police Department and City of Ada

Attorney have made Mr. Haire a fact witness in these proceedings.  He is in the chain of custody of the records.  Furthermore, it appears that for weeks Mr. Haire failed to turn over exculpatory reports to Mr. Fontenot.  There is no other means to explore those areas except by requiring Mr. Haire to testify.

Second, Mr. Haire's knowledge is nonprivileged.  Mr. Haire does not represent the City of Ada or the Ada Police Department, so the discussions he had with them or what he learned are not confidential.  The production of the emails, communications, and reports among Mr. Haire and the Ada City Police, Ada Attorney Frank Stout, or any other law enforcement agency are also unprivileged and are essential to Mr. Fontenot's ability to pursue his claims at the sanctions hearing.  It is imperative to understand why Ada officials not only withheld documents from Mr. Fontenot but from Respondent as well.   Given the time and energy that Mr. Haire put into locating these records for state post-conviction, it is most disconcerting that they were only located in December 2018.

Third, the ability to show when Ada produced the reports to Mr. Haire and why Mr. Haire sat on them is relevant to the issue of whether the Respondent has clean hands and whether the handling of the police reports constitutes a continuing suppression of exculpatory evidence. Finally, the testimony and records sought by the subpoena are crucial, as noted, to Mr. Fontenot's habeas claims and his ability to defend against Respondent's assertion of procedural defaults.  If things are as they appear, i.e., Ada possessed exculpatory records for years, Ada failed to comply with Mr. Fontenot's subpoena, and Mr. Haire received the records but did not immediately act on them, then it would be unlawful for Respondent to be able to claim certain affirmative defenses.  *See Story vs. Hefner, supra.* The sanctions hearing is the most appropriate

6

time to glean these facts in order to give the Court pertinent information while it considers Mr. Fontenot's constitutional claims.

## CONCLUSION

Mr. Fontenot requests that this Court deny Respondent's Motion to Quash the Subpoena. Further, Mr. Fontenot requests that Mr. Haire be made to testify if necessary and produce documents at the sanctions hearing. The matters are not privileged and are crucial to Mr. Fontenot's habeas claims. No other witness can provide the essential facts necessary to preserve Mr. Fontenot's due process rights and right to compulsory process.

    /S/ *Tiffany R. Murphy*
Tiffany R. Murphy
Attorney at Law
Arkansas Bar No. 2015057
790 N. Cliffside Drive
Fayetteville, AR 72701
(479) 575-4573

    /S/ *Robert Ridenour*
Robert Ridenour
Assistant Federal Defender
OBA #16038
One West Third Street, Ste. 1225
Tulsa, OK 74103
(918) 581-7656

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Oklahoma by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


By: */S/ Robert Ridenour*
ROBERT RIDENOUR