IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KARL FONTENOT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-69-JHP-SPS |
| | ) | |
| JOE ALLBAUGH, Director, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION TO DISMISS PETITIONER'S *MOTION FOR SANCTIONS, LEAVE TO
AMEND PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR A
HEARING* FOR FAILURE TO GIVE PROPER NOTICE TO AFFECTED PARTIES
AND REQUIRED CERTIFICATION PURSUANT TO FRCP 26(C)(1)**

Comes now the Respondent, by and through the Attorney General of the State of Oklahoma,
and moves to dismiss certain parties from Petitioner's *Motion for Sanctions, Leave to Amend
Petition for Writ of Habeas Corpus and Request for a Hearing* and certain remedies requested within
that Motion for the reason of Petitioner's failure to give proper notice to the parties and required
certification under FRCP 26(C)(1).  In support of this Motion, Respondent would show the Court
the following:

1.  On February 7, 2019, Petitioner filed a pleading with this Court entitled, *Motion for
Sanctions, Leave to Amend Petition for Writ of Habeas Corpus and Request for a Hearing* [Doc.
114].  Among Petitioner's requests for relief, Petitioner requested a "protective order" over the
following entities: "the Oklahoma Attorney General's Office, the Pontotoc County District
Attorney's Office, the Oklahoma State Bureau of Investigation, the Pontotoc County Sheriff's
Office, [Entity A, the subject of Petitioner's 2017 subpoena], the Clerk of the Court for the District
Court of Pontotoc County, and the City Attorney of Ada." [Doc. 114, at 10].

2.  Thereafter, on February 11, 2019, Respondent filed an expedited *Response to Petitioner's Motion for Sanctions, Leave to Amend Petition for Writ of Habeas Corpus and Request for a Hearing* [Doc. 116].  Within that Response, Respondent relied upon FRCP Rule 26(c)(1) which requires that a motion for such a protective order as requested by Petitioner "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Respondent previously pointed out that Petitioner did not follow this requirement for seeking a protective order [Doc. 116, at 15].  In fact, Petitioner did the opposite by seeking a protective order in spite of the fact that Petitioner's subpoena against Entity A[1] had already been resolved at the time that Petitioner filed the instant Motion for Sanctions, through the good faith efforts of the Respondent.

3.  Petitioner filed a *Reply to Response to Petitioner's Motion for Sanctions, Leave to Amend Petition for Writ of Habeas Corpus and Request for a Hearing* on February 12, 2019, which nowhere addressed FRCP Rule 26(c)(1). Petitioner provided no argument that he had sought a protective order that included a certificate indicating prior good faith conferral or an attempt at such with other affected parties as required by the Rule in an effort to resolve the dispute without Court action.

4.  Petitioner's subpoena against Entity A was in the nature of a sealed subpoena.  But Petitioner never directly contacted Entity A concerning his subpoena against Entity A until long after Petitioner had already filed his Motion for Sanctions and long after Entity A had already provided the material required by Petitioner's sealed subpoena to Petitioner.

---

[1]  Petitioner has apparently, and successfully, sealed the contents of the subpoena sought against Entity A pursuant to LCvR 79.1(a).  Respondent has never seen any Order from the District Court or this Court unsealing the subpoena against Entity A and thus does not know its status at this point.

5.   Moreover, out of all the entities against whom sanctions were sought in Petitioner's Motion, none of the following entities have ever received notice and an opportunity to respond to Petitioner's sanctions request: "the Pontotoc County District Attorney's Office, the Oklahoma State Bureau of Investigation, the Pontotoc County Sheriff's Office, [Entity A, the subject of Petitioner's 2017 subpoena], the Clerk of the Court for the District Court of Pontotoc County, and the City Attorney of Ada." [Doc. 114, at 10].  The fact that Petitioner may have subsequently subpoenaed employees or former employees of some, but by no means all, of these entities to attend the hearing scheduled for April 9, 2019, is no substitute for proper notice and an opportunity to be heard.

## ARGUMENT

The hearing date for Petitioner's *Motion for Sanctions, Leave to Amend Petition for Writ of Habeas Corpus and Request for a Hearing* has now come, and Petitioner has never corrected a defect which Respondent noted in his Response filed with this Court nearly two months ago, on February 11, 2019 [*see* Doc. 116, p. 15].  That is, Petitioner has never provided "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute *without court action*."  FRCP 26(C)(1) (emphasis added).  It would appear from the fact that Petitioner's sealed subpoena against Entity A was already fully and completely satisfied *before* Petitioner ever came to this Court seeking sanctions, that the reason Petitioner has never included such a certification as required by the Federal Rule of Civil Procedure governing protective orders, is that Petitioner cannot make the certification required by that rule, *i.e.*, that the *movant* for the protective order conferred in good faith with the affected parties.  Therefore, Petitioner's request for a protective order against all the State entities listed in his Motion, including the Oklahoma Attorney General's Office, should be dismissed with prejudice for failing to comply

3

with FRCP 26(C)(1).

In addition, Petitioner's request for sanctions against the following entities – the Pontotoc County District Attorney's Office, the Oklahoma State Bureau of Investigation, the Pontotoc County Sheriff's Office, [Entity A, the subject of Petitioner's 2017 subpoena], the Clerk of the Court for the District Court of Pontotoc County, and the City Attorney of Ada – should be dismissed because Petitioner never provided these entities with proper notice that he was seeking punitive sanctions against them. "The essential requirements of due process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). The entities listed within this paragraph did not receive proper notice and therefore, necessarily did not have an opportunity to respond to Petitioner's request for punitive, burdensome sanctions in the form of protective orders. The fact that certain employees or former employees of certain of these agencies have since been subpoenaed to appear at this hearing is clearly no substitute for proper notice, as the subpoenas do not explain that sanctions are being sought against these various entities. *See White v. General Motors Corp., Inc.*, 908 F.2d 675, 686 (10th Cir. 1990) ("A party that is the target of a sanctions request has a due process right to 'notice that such sanctions are being considered by the court and a subsequent opportunity to respond,' before final judgment." (quoting *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir. 1987)). Petitioner has waited until the date of the scheduled hearing and has never given any proper notice to the entities he wishes to punish. And Petitioner has had plenty of time to do so. Therefore, Petitioner's requests for sanctions against these entities – the Pontotoc County District Attorney's Office, the Oklahoma State Bureau of Investigation, the Pontotoc County Sheriff's Office, [Entity

A, the subject of Petitioner's 2017 subpoena], the Clerk of the Court for the District Court of Pontotoc County, and the City Attorney of Ada – should be dismissed in their entirety with prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner's request for protective orders should be denied *in toto* as Petitioner never provided "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute *without court action*." FRCP 26(C)(1) (emphasis added). Moreover, Petitioner's request for any sanctions against parties which did not receive proper notice of Petitioner's *Motion for Sanctions, Leave to Amend Petition for Writ of Habeas Corpus and Request for a Hearing* should be denied with prejudice in its entirety because "[a] party that is the target of a sanctions request has a due process right to notice that such sanctions are being considered by the court and a subsequent opportunity to respond, before final judgment." *White*, 908 F.2d at 686 (internal quotation omitted).

Respectfully submitted,

**MIKE HUNTER**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ MATTHEW D. HAIRE**
**MATTHEW D. HAIRE, OBA #14916**
**ASSISTANT ATTORNEY GENERAL**

313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 Fax
Service email: fhc.docket@oag.ok.gov

**s/ THEODORE M. PEEPER**
**THEODORE M. PEEPER, O.B.A. #19909**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (Fax)

**Service email: fhc.docket@oag.state.ok.us**
**ATTORNEYS FOR RESPONDENT**

**s/ KEVIN L. McCLURE**
**KEVIN L. McCLURE, O.B.A. #12767**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (Fax)

**Service email: kevin.mcclure@oag.ok.gov**
**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert Ridenour, OBA # 16038
Assistant Federal Defender
One West Third Street, Ste. 1225
Tulsa, OK 74103

Tiffany R. Murphy, Arkansas Bar # 2015057
790 N. Cliffside Drive
Fayetteville, AR 72701

**s/ MATTHEW D. HAIRE**
**s/ THEODORE M. PEEPER**
**s/ KEVIN L. McCLURE**
