# THE UNITED STATES DISTRICT COURT FOR
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARL FONTENOT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV-16-069-JHP |
| ) | |
| JOE ALLBAUGH, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on Respondent's Motion for Stay of the Opinion and Order Granting Second Amended Petition for Writ of Habeas Corpus entered by this court on August 21, 2019. Pursuant to that Order, this court directed that a Writ of Habeas Corpus be issued, unless within one hundred twenty (120) days of the entry of that Order, the State grants Petitioner a new trial or orders his permanent release from custody.

Respondent asserts a stay should be granted because there is a substantial likelihood of success on appeal to the Tenth Circuit Court of Appeals. Respondent further argues that the State will suffer irreparable injury if the stay is not granted, and a stay would serve the public interest and not injure Petitioner.

Petitioner objects to the granting of a stay on the ground that Respondent cannot meet the requirements of Fed.R.App.P. 8, 10th Cir.R. 8.1, or overcome the presumption in favor of Petitioner's release pursuant to Fed.R.App.P. 23. Petitioner further asserts Respondent has clearly failed to make a showing of a substantial likelihood of success on appeal, and his continued confinement would result in irreparable harm to Petitioner.

1

The United States Supreme Court has held that "a court has broad discretion in conditioning a judgment granting habeas relief…[and is] authorized, under 28 U.S.C. section 2243, to dispose of habeas corpus matters 'as law and justice require.'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Fed.R.App.P. 23(c ) "undoubtedly creates a presumption of release from custody in such cases, but that presumption may be overcome if the judge rendering the decision, or an appellate court or judge, 'otherwise orders.'" *Id*. at 744 (footnote omitted).

In determining whether the presumption or correctness to the initial custody determination may be overcome, the Supreme Court has outlined the factors regulating issuance of a stay pursuant to Fed.Civ,P. 62(c ).

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776.

Traditional factors contemplating individualized judgments in each case should also be considered. Such factors include the possibility of flight, risk to the public if the prisoner is released, the State's interest in continuing custody and rehabilitation pending appeal, and the petitioner's substantial interest in release. The final determination then "may depend to a large extent upon the State's prospects of success in its appeal . . . [or the State's showing of] a substantial case on the merits." *Id*. at 777-78.

After an evaluation of all the factors, the court finds that Respondent has failed to meet the burden required to overcome the presumption of correctness of this court's initial custody determination. Fed.R.App.P. 23(d). Respondent does not assert there is the possibility of flight or risk to the public, and the court finds the remaining factors weigh heavily toward Petitioner's retrial or release pursuant to the Order Granting Writ of Habeas Corpus.

**ACCORDINGLY**, Respondent's Motion for Stay is Denied.

**IT IS SO ORDERED this 30th day of September, 2019**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma