IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KARL FONTENOT**, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | **Case No. 16-CV-0069-JHP** |
| ) | |
| **SCOTT CROW, Interim Director**, ) | |
| ) | |
|     Respondent. ) | |

## EXPEDITED RESPONSE TO RESPONDENT'S MOTION FOR RECONSIDERATION OF RESPONDENT'S EMERGENCY MOTION TO UNSEAL

COMES NOW, Karl Fontenot, the Petitioner, as directed by this Court, and responds to the Respondent's ongoing filings concerning sealed district court documents as it relates to the Respondent's designation of record for appeal.

From the outset of the designation process, counsel for Mr. Fontenot conferred with Respondent's counsel, and agreed to Respondent's request to unseal certain records. See Dkt. #164, Pg. 2, ¶ 4. However, counsel for Mr. Fontenot advised Respondent she would not agree to recommend the Court to unseal documents relating to filings concerning requests under the Criminal Justice Act (CJA). CJA allows courts to provide funding for services that the district court finds is necessary for adequate representation. 18 U.S.C. § 3006A (e)(1). Those filings are, by law, ex parte. [1]

---

[1] Services necessary for adequate representation are requested via an ex parte application and proceeding. 18 U.S.C. § 3006A(e)(1) ("Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary . . . the court . . . shall authorize . . . the services.").

1

On October 21, 2019, the Court granted the Respondent's Motion to Unseal in part, but stated in its Order that, "Dkt. Nos. 25, 27, 28, 30, 31, 32, 33, 50, 51, 52, and 54 pertain to the Criminal Justice Act (CJA) 18 U.S.C., Section 3006A(a) expense material, these documents shall remain sealed." Dkt. # 165, Minute Order.

The Criminal Justice Act, 18 U.S.C.S. § 3006A, specifically provides for ex parte applications and proceedings requesting investigative, expert, or other services necessary for an adequate defense. 18 U.S.C.S. § 3006A(e)(1). It is "a process that has traditionally been closed to the prosecution." *United States vs. Gonzales*, 150 F.3d 1246, 1257 (10th Cir. 1998). An indigent defendant or petitioner has a right to full representation including litigation expenses as part of the attorney-client privilege. It is for that reason that the U.S. Code provides for the funding and handling of these matters on an *ex parte* basis. Nothing in Respondent's appeal concerns the CJA documents filed in this case. Further, he states no reason as to why these specific documents must be unsealed.

District courts have inherent discretionary power to seal or unseal record items. *See United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003); Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal . . . [and] may later unseal the filing."). This Court evaluated Respondent's arguments and ruled that the CJA related documents remained sealed. After concessions from counsel and consideration of the Court, the documents necessary for designation have been unsealed. The Tenth Circuit Court of Appeals ordered Respondent "to include [in his designation] only the necessary sealed items." Dkt. # 163. Those have been unsealed. Both the Court and Mr. Fontenot's counsel have reviewed the sealed filings to assist the Respondent and assure him that the filings necessary to the designation of record have been

unsealed.  Now, Respondent makes the claim that, "because the unsealed items included some CJA material, the sealed items may include proper non-CJA material." *See* Dkt. No. 166, Pg. 3.

Respondent is apparently claiming the Court and Mr. Fontenot's counsel are incorrect in evaluating the materials as CJA-related.  The Respondent has no proof to support that allegation.  The filings are CJA-related.  As such, he has shown no entitlement to those documents, which, by nature and law, are *ex parte* to ensure a defendant's or petitioner's constitutional right to access to courts and to mount a defense.  Furthermore, his promise "to quickly overlook" (Mtn., Pg. 2) any CJA materials does not overcome Mr. Fontenot (and the CJA's) interest in his constitutional right to access to the courts and adequate representation.

## CONCLUSION

The filings germane to the appeal record have been unsealed.  The remaining documents are not necessary to the Respondent's appeal.  Counsel asks the Court to deny the Petitioner's request.

Respectfully submitted,

*/S/ Rob Ridenour*
Counsel for Karl Fontenot/Petitioner
Assistant Federal Defender
OBA #16038
One West Third Street, St. 1225
Tulsa, OK 74103

3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Oklahoma by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.