**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KARL FONTENOT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-069-RAW** |
| | ) | |
| **SCOTT CROW, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

Before the court is the petitioner's request for unconditional writ of habeas corpus. By opinion dated July 13, 2021, the Tenth Circuit affirmed the ruling of Judge Payne of this court granting the petitioner's request for habeas relief. The final sentence of the majority opinion is as follows: "If the State wishes to try Mr. Fontenot once again for the kidnapping and murder of Ms. Haraway, it must do so within 120 days of the issuance of this order." *Fontenot v. Crow,* 4 F.4th 982, 1083 (10th Cir.2021), *cert. denied,* 142 S.Ct. 2777 (2022).

The Tenth Circuit later clarified that "[w]hile this court's mandate does not require the State to retry Mr. Fontenot, should the State wish to do so, within 120 days of the issuance of our mandate the State must commence proceedings to set a trial date." (#184 at 1-2). Still later, (October 12, 2022) the Tenth Circuit stated: "If the State wishes to retry Mr. Fontenot again, it

must commence proceedings to do so within 20 days of the date of this order." (#195 at 2-3).

As recently summarized by Judge Heil of this court: "On April 28, 1984, Donna Denice Haraway ("Haraway") disappeared during her evening shift at McAnally's convenience store in Ada, Oklahoma. Haraway remained missing for months. Local law enforcement ultimately received information that [Thomas] Ward may have been involved. Authorities located Ward in Norman, Oklahoma on October 12, 1984, and arranged to interview him. . . [A]fter initially denying involvement, Ward confessed to abducting and killing Haraway. Ward also implicated Karl Fontenot ("Fontenot"). Fontenot also ultimately confessed to the crimes. *Fontenot,* 4 F.4th at 999-1000. Ward and Fontenot were jointly tried in September of 1985, [in Pontotoc County] and convicted of robbery, kidnapping and first-degree murder. On January 20, 1986, Haraway's body was located east of Ada." *Ward v. Sharp,* 2026 WL 2825768, *2 (E.D.Okla.2026).

Petitioner's conviction at the joint trial was reversed by the Oklahoma Court of Criminal Appeals. *Fontenot v. State,* 742 P.3d 31 (Okla.Crim.App.1987). On retrial, petitioner was again convicted. The appellate court upheld the convictions but vacated the sentence of death as to the murder charge. *Fontenot v. State,* 881 P.2d 69 (Okla.Crim.App.1994).

Petitioner then filed a request for habeas relief in this court pursuant to 28 U.S.C. §2254. Judge Payne of this court granted the request. *Fontenot v. Allbaugh,* 402 F.Supp.3d 1110 (E.D.Okla.2019). The Tenth Circuit affirmed the decision, based on petitioner's "meritorious showing of actual innocence, and the State's suppression of material, favorable evidence." *Fontenot,* 4 F.4th at 1082. The remedy of a "permanent release from custody or a new trial" was also approved. *Id.*

Petitioner filed the present motion on July 10, 2026, requesting the issuance of an unconditional writ of habeas corpus barring further prosecution based on "the continued delay and lack of any evidence." (#197 at 12). The undersigned has reviewed the docket sheet for the District Court of Pontotoc County (CRF-1984-183). The State complied with the Tenth Circuit deadline by filing on October 28, 2022 a motion to set new trial date.

On November 2, 2026, the state trial court issued an order denying defendant's motion to dismiss on speedy trial grounds. The order notes that (1) numerous motions have been filed in the interim by both parties, (2) petitioner was released from custody without bond on December 19, 2019, and (3) (most significantly to the undersigned) the case is set for jury trial to commence on February 16, 2027. The trial court denied the motion, concluding that "[t]he record establishes that the delay in this case is attributable primarily to neutral causes" as described in the order.

A criminal trial regarding events of forty years ago is unusual. Nevertheless, the governing principle is as follows: "District courts granting writs of habeas corpus may only bar retrials when 'special circumstances' . . . exist." *Capps v. Sullivan,* 13 F.3d 350, 352 (10th Cir.1993)(quoting *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489 (1973)). "For example, district courts may bar a retrial when 'the constitutional violation [is] such that it cannot be remedied by another trial, or other exceptional circumstances exist such that the holding of a new trial would be unjust.'" *Id.* at 352-53. "'But where nothing in the record suggests that the constitutional violation on which habeas corpus relief is predicated could not be redressed by holding a retrial, granting an unconditional writ constitutes an abuse of discretion.'" *Franklin v. Lucero,* 2023 WL 2962260, *6 (10th Cir.2023)(quoting *Douglas v. Workman,* 560 F.3d 1156, 1176 (10th Cir.2009)). Such is the record in the case at bar.

It is the order of the court that petitioner's request (#197) is hereby denied.

**ORDERED THIS 5th DAY OF NOVEMBER, 2026.**

Ronald A. White

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**